**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 11-1573-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Leobardo Europa-Calleja, | ) | |
| Defendant. | ) | |

The court has before it the government's Supplemental Memorandum. (Doc. 33). The government relies on prosecutorial discretion for its failure to charge the defendant with illegal re-entry after removal, even though the defendant was on supervised release and a petition to revoke based on the new re-entry was pending. But the government fails to adequately explain the basis for its decision not to charge. The existence and status of a new charge is critically important to the court's resolution of the supervised release violation.

When this court sentences a defendant for felony illegal re-entry after removal and places the defendant on supervised release, the court, the prosecutor and defense counsel all tell the defendant that should he return, he will face not only a new charge but also a consecutive disposition on his supervised release violation. This is an effort to provide deterrence. Thus, it is reasonable to expect that when a felon on supervised release illegally

returns to the United States, the government will file a new charge against him. When it fails to do so, it draws into question the credibility of the court, the prosecutor and defense counsel. And it most certainly undercuts the goal of deterrence. If the court cannot rely on the government to live up to its representations, the court and counsel should cease advising defendants at sentencing about the onerous consequences of returning to the United States after removal.

The government states that the Phoenix Division of the United States Attorneys Office cannot "exercise the discretion to charge a new crime, in lieu of their Tucson colleagues." Memorandum at 2. (Doc. 33). But this is one District. The United States Attorney for the District of Arizona has, or should have, a single policy for the prosecution of illegal re-entry cases under the Attorney General's Early Disposition program. Nor does the government's reliance on LRCrim 5.1(a)(1) support its position. That Rule simply governs where the cases will be decided, not whether a charge is filed. Nor does the government's reliance on the defendant's criminal history make sense. The defendant has multiple unlawful entries and his girlfriend and children live in the United States. He is thus at a high risk to return. He would have had a subsection b(1) enhancement this time. Instead, the government's decision not to charge him gives him a mixed message and a free pass.

At all events, this District would profit from a District-wide policy, consistently applied by the Office of the United States Attorney. Until then, in light of the government's Supplemental Memorandum filed here, we shall at sentencings draw the Assistant United States Attorneys' attention to the court's and the parties' inability to rely upon the government's representations with respect to the consequences of returning to the United States. And, we must be sure to impose a term of supervised release in every such case, notwithstanding the recent amendment to §5D1.1(c) of the Sentencing Guidelines, because we can no longer rely on the underlying assumption of that amendment that if a defendant "illegally returns to the United States, the need to afford adequate deterrence and protect the public ordinarily is adequately served by a new prosecution." USSG §5D1.1(c),

Commentary, Application Note 5.

DATED this 28th day of June, 2012.

_____
Frederick J. Martone
United States District Judge

cc: Ms. Ann Birmingham Scheel, Acting United States Attorney
Mr. Gary Restaino, Chief, Phoenix Criminal Division